**UNITED STATES DISTRICT COURT**

**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

December 27, 2001

Linda Regenhardt, Esquire
Nancy D. Green, Esquire
Gary and Goodman, PLLC
8500 Leesburg Pike, Ste. 7000
Vienna, Virginia  22182

Stanley J. Reed, Esquire
Susan Berry Bloomfield, Esquire
Lerch, Early and Brewer
3 Bethesda Metro Center
Suite 380
Bethesda, Maryland 20814-5367

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 2 8 2001

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY

Steven P. Hollman, Esquire
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004

Re:    Brown Raysman Millstein Felder & Steiner v. Alexus International, Inc.
       Civil Action No. JFM-01-486

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Thursday, February 7, 2002 at 2:00 p.m.** to be held in my chambers (Room 235A, United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is <u>not</u> sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

No later than **Thursday, January 31, 2002**, I would like to receive from each party a short letter candidly setting forth the following:

1.  Facts you believe you can prove at trial;

2.  The major weaknesses in each side's case, both factual and legal;

*Brown Raysman v. Alexus Int'l.*
December 27, 2001
Page Two

      3.  An evaluation of the maximum and minimum damage awards you believe likely;

      4.  The history of any settlement negotiations to date; and

      5.  Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                        Very truly yours,

                        Charles B. Day
                        United States Magistrate Judge

cc:    Judge Motz

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.